IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HERBERT WEIN, | : | CIVIL ACTION NO. **1:CV-04-2702** |
| Plaintiff | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| WARDEN CRAIG APKER, | : | |
| Defendant | : | |

## REPORT AND RECOMMENDATION

Plaintiff, while an inmate at the Federal Prison Camp at Allenwood, Montgomery, Pennsylvania, filed this civil rights action pursuant to 28 U.S.C. § 1331 on December 15, 2004. Plaintiff is proceeding *pro se*.

On March 4, 2005, Defendant filed a Motion to Dismiss and for Summary Judgment. (Doc. 15). A supporting Brief and Statement of Facts were filed on March 18, 2005. (Docs. 16 and 17).

Plaintiff's failure to timely file a brief in opposition to the Motion resulted in the issuance of an Order of April 12, 2005, directing Plaintiff to file a brief in opposition to the Motion to Dismiss on or by April 29, 2005. (Doc. 18). A copy of that Order was mailed to the Plaintiff at the Federal Prison Camp at Allenwood, his last known address; it was returned to the Court marked "Return to Sender." The envelope was also marked "Not Deliverable as Addressed - Unable to Forward." (Doc. 19).

An unrepresented party must maintain on file with the clerk a current address; all documents served at the address on file shall be deemed to be effective service on that party. Rule 83.18, M.D. Pa. Rules of Court.

The Plaintiff has not had any contact with this Court since January 18, 2005, when he filed a Motion to Amend/Correct his Complaint. (Doc. 11).  He has failed to notify the Court of his new address.  Further, it appears from the file that Plaintiff was served with Defendant's Motion to Dismiss and Brief (Docs. 15 and 16), and he failed to oppose this Motion.

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to *prosecute* or comply with these rules or *order of court*, . . ." (emphasis added).  In the instant case, Plaintiff has failed to both prosecute the action and to comply with an order of the Court by his failure to keep the Court apprised of his current whereabouts.  Also, pursuant to Local Rule 7.6, M.D. Pa., the Plaintiff is deemed as not opposing the Defendant's Motion to Dismiss.

Based on the foregoing, it is respectfully recommended that the complaint be dismissed on the basis of Plaintiff's failure to notify the Court of his whereabouts and for failure to prosecute the action. It is also recommended that Plaintiff be deemed as not opposing the Defendant's Motion.[1]

                                  **s/ Thomas M. Blewitt**
                                  **THOMAS M. BLEWITT**
                                  **United States Magistrate Judge**

**Dated: May 12, 2005**

---

[1] In his Motion to Dismiss, Defendant first argues that Plaintiff failed to exhaust his administrative remedies regarding any of his present *Bivens* claims. Second, Defendant argues that Plaintiff failed to state an equal protection claim, since he is not similarly situated to inmates in the residential drug treatment program ("RDAP") because he did not qualify for the program absent any evidence that he had a drug abuse problem. Third, Defendant contends that Plaintiff's claim that he was not considered for Community Confinement Center ("CCC") placement in the same manner as inmates were before December, 2002, is without merit in light of the fact that Plaintiff was considered for CCC placement under the pre-December, 2002, Bureau of Prisons ("BOP") policies. In fact, this Court has already determined this in Plaintiff's prior habeas corpus petition, Civil Action No. 04-1288, M.D. Pa. The Defendant has offered evidence in support of his arguments. (Doc. 17). We find merit to the Defendant's arguments in support of his Motion to Dismiss. Therefore, notwithstanding the Plaintiff's failure to prosecute and Plaintiff's failure to oppose the Defendant's Motion, we would recommend that Defendant's Motion be granted on its merits.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HERBERT WEIN, | : | CIVIL ACTION NO. **1:CV-04-2702** |
| Plaintiff | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| WARDEN CRAIG APKER, | : | |
| Defendant | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **May 12, 2005.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within ten (10)
days after being served with a copy thereof. Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections. The briefing
requirements set forth in Local Rule 72.2 shall apply. A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge. The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                **s/ Thomas M. Blewitt**
                                                **THOMAS M. BLEWITT**
                                                **United States Magistrate Judge**

**Dated: May 12, 2005**