# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HERBERT WEIN, | : | CIVIL ACTION NO. 1:04-CV-2702 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| WARDEN CRAIG APKER, | : | |
| Defendant | : | |

## ORDER

AND NOW, this 5th day of August, 2005, upon consideration of the report of the magistrate judge (Doc. 20), to which no objections were filed, recommending that the above-captioned action be dismissed for failure to prosecute, and it appearing that plaintiff has failed to comply with an order of court (Doc. 18) directing plaintiff, proceeding *pro se* and *in forma pauperis* in this case, to file a brief in opposition to defendant's motion to dismiss and advising that failure to do so could result in dismissal of this case for failure to prosecute, and it further appearing that plaintiff has not filed anything in this case since January of this year, and that the most recent order of court and the report and recommendation of the magistrate judge, sent to plaintiff via U.S. mail, were returned to the court as undeliverable,[1] see FED. R. CIV. P. 41(b) ("For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (interpreting

---

[1] (See Docs. 19, 21; see also L.R. 83.18 (requiring parties proceeding *pro se* to maintain on file with the Clerk of Court a current mailing address)).

Federal Rule of Civil Procedure 41(b) as permitting *sua sponte* dismissals by the court); Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (identifying six factors relevant to deciding whether to dismiss for failure to prosecute); see also Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991), that plaintiff, acting *pro se* in this action, was advised of the necessity of responding to defendant's motion and is personally responsible for failing to do so, see Poulis, 747 F.2d at 868 (identifying "extent of the party's personal responsibility" as first factor), that plaintiff's conduct has prejudiced defendant by requiring defendant to assume the cost of continued preparation of a defense without prompt resolution of the likely meritorious motion to dismiss, see Poulis, 747 F.2d at 868 (identifying "[p]rejudice to the adversary" as second factor), that plaintiff's failure to respond to the motion to dismiss and to the order of court directing plaintiff to file a brief in opposition to the motion to dismiss constitutes a history of dilatoriness, see Poulis, 747 F.2d at 868 (identifying "history of dilatoriness" as third factor), that plaintiff's failure to comply with the order of court directing him to file a brief in opposition, when advised by the court that inaction may result in dismissal of the complaint, constitutes willful disregard of the court's authority, see Poulis, 747 F.2d at 868-69 (identifying "willful" or "bad faith" conduct as fourth factor), that alternative sanctions such as admission of certain facts or assessment of costs against plaintiff would be ineffective to deter plaintiff's conduct because plaintiff has already been deemed not to oppose the motion[2] and is proceeding *in forma pauperis*

---

[2] See L.R. 7.6 ("Any respondent who fails to [file a responsive brief] . . . shall be deemed not to oppose [the] motion.").

2

and cannot be located, see Poulis, 747 F.2d at 869 (identifying availability of "[a]lternative sanctions" to dismissal as fifth factor), and that plaintiff's claims likely lack *prima facia* merit, see Poulis, 747 F.2d at 869-70 (identifying "[m]eritoriousness of the claim" as sixth factor); see also 42 U.S.C. § 1997e(a) (requiring prisoners to exhaust administrative remedies prior to commencing action); Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000) (same), it is hereby ORDERED that:

1. The report and recommendation of the magistrate judge (Doc. 20) is ADOPTED.

2. The above-captioned action is DISMISSED for failure to prosecute. See FED. R. CIV. P. 41(b).

3. The Clerk of Court is directed to CLOSE this case.

      S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge